**\*\*E-filed 1/24/2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY V. JERNIGAN,<br><br>             Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>et al.,<br><br>             Defendants.<br>_____/ | No. C 09-5192 RS<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER** |

## I. INTRODUCTION

While incarcerated at Folsom State Prison, plaintiff Gary V. Jernigan requested to participate in the Conservation Camp program, which permits inmates to be assigned to rural "camps," where they engage in public conservation projects such as forest fire prevention and control, recreational area development, and soil conservation. *See* Cal. Penal Code § 6202. Citing Jernigan's physical limitations, the California Department of Corrections and Rehabilitation ("CDCR") denied his request. Jernigan subsequently sought assignment to a Community Correctional Facility, to give him access to the vocational, educational, and counseling services offered there to inmates nearing conclusion of their terms of confinement. That request was also denied.

Jernigan has since been released on parole. He brings this action alleging that CDCR's refusal to assign him to the Conservation Camp program or a Community Correctional Facility violated the Americans with Disabilities Act. CDCR moves to dismiss the complaint, or, in the alternative, to transfer the action to the Eastern District of California. Relying on facts outside the pleadings, CDCR argues that its decision to deny Jernigan's requests was lawful. Even if the facts presented by CDCR were properly considered on a motion to dismiss (they are not), they would be insufficient to show the absence on an ADA violation as a matter of law. Accordingly, the motion to dismiss will be denied. The alternative motion to transfer will also be denied, because CDCR has not met its burden to show that transfer is warranted.[1]

## II. BACKGROUND

The complaint alleges that Jernigan is "physically impaired" as the result of a knee injury. He contends he sought to participate in the Conservation Camp program, and later the Community Correctional Facility program, pursuant to CDCR's "eligibility and placement policies" and "special skills criteria." Jernigan alleges he requested a reasonable accommodation of his disability.

CDCR asserts that assignment to the Conservation Camp, "can involve difficult living conditions and arduous work." Also, CDCR contends that Community Correctional Facilities are smaller than "mainline institutions," and therefore lack certain medical and therapeutic services.[2] As a result, according to CDCR, an inmate who is not medically qualified for "full duty" work assignments cannot be placed in either the Conservation Camp program or a Community Correctional Facility. For this proposition, CDCR cites findings from its administrative review

---

[1] Pursuant to Civil Local Rule 7-1(b), this matter was submitted without oral argument.

[2] While there is no reason to doubt the accuracy of these facts and characterizations, they are outside the factual averments of the complaint.

2

1 process that upheld the denial of Jernigan's request.[3] Finally, CDCR claims that Jernigan was
2 physically unable to perform work that involved bending, lifting, cooking, or walking.[4]

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). However, "[w]here the Plaintiff is a pro se litigant, the court is particularly liberal in construing the complaint in his favor." *Moore v. United States*, 193 F.R.D. 647, 651 (N.D. Cal. 2000) (citation omitted).

---

[3] Jernigan attached copies of the administrative decision to a complaint he previously filed regarding this matter in the Eastern District of California, which was dismissed without prejudice for procedural reasons. CDCR requests judicial notice of those documents. While judicial notice of the existence of documents filed in a court proceeding may be proper, it does not permit any assertions of fact or legal conclusions within those documents to be treated as conclusively established, which appears to be the purpose for which CDCR is offering them. *See* F.R.E. 201.

[4] CDCR supports this assertion by its request for judicial notice of a medical evaluation attached to Jernigan's Eastern District complaint. Again, judicial notice of documents filed in a court proceeding does not establish the truth or accuracy of statements therein.

IV. DISCUSSION

A. Motion to dismiss

CDCR first contends that Jernigan is not a "qualified individual" under the ADA, because it is "undisputed" that his "severe mobility impairments" prevent him from bending, lifting, cooking, and walking. CDCR argues it is therefore "unclear" how Jernigan can prove he was eligible to participate in the programs he requested. The extent of Jernigan's impairment, however, has *not* been established, nor is there any basis to conclude as a matter of law at this juncture what reasonable accommodations could or could not have been made for whatever disabilities he may have suffered. Even assuming it is "unclear" how Jernigan may prevail in this matter, that is not a basis for a motion to dismiss.

CDCR next argues that the ADA confers no right on an inmate to be placed in a particular facility, and that Jernigan therefore cannot complain that he was not assigned to a Community Correctional Facility. CDCR appears to concede that the ADA does apply to inmates' access to the Conservation Camp program, even though assignment to that program likewise would require an inmate to reside at a different facility. As Jernigan's complaint is that he was denied access to the particular vocational, educational, and counseling services offered at Community Correctional Facilities, rather than an objection that he was not assigned to a specific prison facility, CDCR has not shown that this argument compels dismissal.

Finally, CDCR contends the Eleventh Amendment bars Jernigan from recovering monetary damages. As CDCR acknowledges, however, the ADA abrogates state immunity where the wrongful conduct violates not only the statute but also the Fourteenth Amendment. *See U.S. v. Georgia*, 546 U.S. 151, 159 (2006). CDCR's insistence that it cannot be liable for unconstitutional conduct again turns not only on factual issues outside the pleadings, but also on an ultimate resolution of those issues in its favor. Accordingly, the motion to dismiss must be denied.[5]

---

[5] CDCR also argues, correctly, that Jernigan lacks standing to seek declaratory relief, as he is no longer incarcerated. Although there is a reference to declaratory relief in the prayer, the complaint does not include any claim for such relief. There is, therefore, nothing to be dismissed. That aspect of the prayer will be stricken.

4

### B. Transfer for Convenience

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving for transfer of a case bears the burden of demonstrating that a transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Transfer under § 1404(a) "should not be freely granted." *In re Nine Mile, Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient," *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805 (1964), and a "transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Id*. Further, there is a strong "presumption in favor of plaintiff's choice of forums." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839 (1947).

In making transfer determinations, a court must balance the deference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *Gulf Oil*, 330 U.S. at 508. As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. Private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and "all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Id*. Public interest factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law[,] and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252 (1981); see also *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

Here, CDCR simply has made no evidentiary showing that any of the relevant factors weigh in favor of a transfer. While CDCR argues that "presumably" all the witnesses will be located where the alleged ADA violations took place, that is far from self-evident. Nor has CDCR

5

identified any such witnesses or explained their relative importance to the issues in the case. While it may be that CDCR would prefer to litigate in the Eastern District, section 1404(a) is not a mechanism for simply shifting burdens from a defendant to a plaintiff. CDCR's suggestion that judicial economy would be served because the Eastern District previously adjudicated Jernigan's first complaint arising from this matter fails to account for the fact that the Eastern District did not reach the merits of that action, and further does not address the public interest factor of relative court congestion levels. Accordingly, CDCR has not met its burden to establish that transfer is warranted.

## V. CONCLUSION

The motion to dismiss or transfer is denied. CDCR shall file its answer to the complaint within 20 days of the date of this order. The Case Management Conference is hereby continued to March 3, 2011, at 10:00 a.m.

IT IS SO ORDERED.

Dated: 1/24/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

6

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Gary V. Jernigan
2610 E. Baylor Street
Lubbock, TX 79403-4124

DATED:  1/24/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg